# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE APPLICATION FOR AN ORDER | ) | CASE NO.: _____ |
| PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN | ) | |
| DISCOVERY FOR USE IN FOREIGN | ) | |
| PROCEEDINGS | | |

**EX PARTE APPLICATION OF MALIKIE INNOVATIONS, LTD. AND KEY PATENT INNOVATIONS, LTD. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

# TABLE OF CONTENTS

**Page**

I.  PRELIMINARY STATEMENT ..................................................................................... 2

II.  FACTUAL BACKGROUND ...................................................................................... 4

    A.  The Parties ....................................................................................................... 4

    B.  The Asserted Patents ........................................................................................ 4

    C.  Malikie Is Alleging Patent Infringement in the Foreign Proceedings ................... 6

    D.  Requested Discovery ........................................................................................ 7

III.  ARGUMENT ........................................................................................................... 8

    A.  Legal Standard ................................................................................................. 8

    B.  Malikie's Application Meets the Section 1782 Requirements .............................. 9

        1.  Malikie Is an "Interested Person" .............................................................. 9

        2.  The Evidence Is for Use in a Foreign Proceeding ....................................... 9

        3.  BlackBerry Resides in and Is Found in This District .............................. 11

    C.  The *Intel* Discretionary Factors Favor Granting Discovery ............................. 12

        1.  The Foreign Courts May Not Compel Discovery ..................................... 12

        2.  German and Indian Courts Are Not Hostile to Discovery Pursuant to Section 1782 ...................................................................................... 15

        3.  This Application Does Not Circumvent any Proof-Gathering Restrictions ............................................................................................ 17

        4.  The Discovery Sought Is Not Intrusive or Burdensome ........................... 19

IV.  CONCLUSION ....................................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

<u>**Page(s)**</u>

**CASES**

*Amgen, Inc. v. Celltrion USA, Inc.*,
    No. 24-9052, 2024 U.S. Dist. LEXIS 230504 (D.N.J Dec 20, 2024)...............................12

*Banca v. Lone Star Fund Ix (U.S.)*,
    No. 3:18-mc-100-M, 2020 WL 10046110 (N.D. Tex. Sept 25, 2020) .............................11

*Ecuadorian Plaintiffs v. Chevron Corp.*,
    619 F.3d 373 (5th Cir. 2010) ...............................................................................15, 16

*Euromepa S.A. v. R. Esmerian, Inc.*,
    51 F.3d 1095 (2d Cir. 1995)...........................................................................................15

*Gushlak v. Gushlak*,
    486 F. App'x 215 (2d Cir. 2012) ....................................................................................1

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
    633 F.3d 591 (7th Cir. 2011) ...................................................................................16, 17

*Heraeus Kulzer GmbH v. Esschem, Inc.*,
    390 F. App'x 88 (3d Cir. 2010) ...............................................................................13, 18

*Hoffman v. L&M Arts*,
    No. 3:10-cv-0953, 2013 WL 12284632 (N.D. Tex. Oct. 2, 2013) ..................................11

*In re Akhmedova*,
    No. 5:20-mc-1099-JKP-RBF, 2020 WL 6376651 (W.D. Tex. Oct. 30,
    2020), *report and recommendation adopted,* No. SA-20-MC-1099-JKP-
    RBF, 2020 WL 13190300 (W.D. Tex. Nov. 29, 2020) ....................................................12

*In re Apple Inc.*,
    No. 12-80013 JW, 2012 WL 1570043 (N.D. Cal. May 2, 2012) ...............................16, 19

*In re Application of Daniel Snyder*,
    Case No. 4:20-mc-2867, Dkt. 4 .....................................................................................16

*In re Application of HydroDive Nigeria, Ltd.*,
    No. 13-mc-0477, 2013 WL 12155021 (S.D. Tex. May 29, 2013)....................................10

*In re Application of Martin & Harris Private Ltd.*,
    Case No. 20-cv-17070, Dkt. 22 (D.N.J., Jun. 14, 2021)....................................................17

*In re Biomet Orthopaedics Switzerland GmBh,*
    742 F. App'x 690 (3d Cir. 2018) ...................................................................12

*In re Coal. Dev. Ltd.,*
    No. 21-mc-80057-VKD, 2021 U.S. Dist. LEXIS 58497 (N.D. Cal., Mar. 24, 2021) .......17

*In re del Valle Ruiz,*
    939 F.3d 520 (2d Cir 2019).............................................................................12

*In re Dr. Sharma,*
    No. 2:24-mc-00119-DJC-JDP, 2024 U.S. Dist. LEXIS 111805
    (E.D. Cal., Jun. 24, 2024) .................................................................15, 16, 18

*In re Eurasian Bank Joint Stock Company for Expedited Judicial Assistance*
    *Pursuant to 28 U.S.C. § 1782,* No. 3:15-mc-106-L-BN, 2015 U.S. Dist.
    LEXIS 142866 (N.D. Tex. Oct. 21, 2015)........................................................1

*In re Financialright Claims GmbH,*
    No. 23-cv-1481, 2024 WL 4818177 (D. Del., Nov. 18, 2024)........................16

*In re Illumina Cambridge Ltd.,*
    No. 19-80215, 2019 WL 5811467 (N.D. Cal. Nov. 7, 2019) ...........................17

*In re Ltda.,*
    No. 3:24-mc-24-D-BN, 2024 WL 4309481 (N.D. Tex. Aug 8, 2024) .............11

*In re Lufthansa Technik AG,*
    No. C17-1453-JCC, 2019 WL 280000 (W.D. Wash. Jan. 22, 2019) ...............13

*In re Motorola Mobility, LLC,*
    No. C 12-80243, 2012 WL 4936609 (N.D. Cal. Oct. 17, 2012)......................19

*In re Path Network, Inc.,*
    703 F. Supp. 3d 1046 (N.D. Cal. 2023) .......................................................9, 11

*In re Qualcomm Inc.,*
    No. 18-cv-80104, 2018 WL 3845882 (N.D. Cal. Aug. 13, 2018) ...................10

*In re Thales Dis Ais Deutschland GmbH,*
    No. 3:21-mc-303, 2021 WL 7707268 (N.D. Tex. Nov. 5, 2021) ....................9, 13, 16, 18

*In re Thales DIS AIS Deutschland GmbH,*
    No. 3:21-mc-303, 2022 WL 717280 (N.D. Tex. Mar. 10, 2022) .....................10

*In re Xiaomi,*
    2025 WL 714374 ..........................................................6, 7, 10, 13, 15,
    16, 17, 19

*Intel Corp v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004).............................................................................................8, 9, 12, 13, 15, 17

*IPCom GMBH & Co. KG v. Apple Inc.*,
    61 F. Supp. 3d 919 (N.D. Cal. 2014) ...........................................................................19

*LEG Q LLC v. RSR Corp.*,
    No. 3:17-cv-1559-N-BN, 2017 WL 3780213 (N.D. Tex. Aug. 31, 2017) .......................16

*Matter of Canadian Imperial Bank of Com.*,
    No. 24-80070, 2024 WL 3226794 (N.D. Cal. June 27, 2024)...........................................13

*Maxell, Ltd. v. Apple Inc.*,
    No. 5:19-cv-36-RWS, 2021 WL 3012355 (E.D. Tex. Jan. 27, 2021) ..............................10

*Sergeeva v. Tripleton Int'l Ltd.*,
    834 F.3d 1194 (11th Cir. 2016) ....................................................................................12

*Shell Global Sols. (US) Inc. v. RMS Eng'g, Inc.*,
    No. 4:09–cv–3778, 2011 WL 3418396 (S.D. Tex. Aug. 3, 2011)....................................11

*Weber v. Finker*,
    554 F.3d 1379 (11th Cir. 2009) ....................................................................................10

## STATUTES

28 U.S.C. § 1782..................................................................................................1, 2, 6, 7, 8, 9, 10, 12, 14, 15, 16, 17, 18

## RULES

Fed. R. Civ. Proc. 45(c)(3).............................................................................................1

Applicants Malikie Innovations, Ltd., ("Malikie Innovations") and Key Patent Innovations, Ltd. ("KPI") (collectively "Malikie"), by and through their undersigned attorneys, respectfully submit this *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to obtain discovery from BlackBerry Corp. for use in foreign litigation proceedings.

Courts typically authorize and approve Section 1782 applications on an *ex parte* basis. This is because granting an *ex parte* application under Section 1782 does not prejudice the rights of the subpoenaed parties, who still have the opportunity to file a motion to vacate or quash after the subpoena issues.  *In re Eurasian Bank Joint Stock Company for Expedited Judicial Assistance Pursuant to 28 U.S.C. § 1782*, No. 3:15-mc-106-L-BN, 2015 U.S. Dist. LEXIS 142866, at *1 (N.D. Tex. Oct. 21, 2015) ("'[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*' and '[t]he respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)'") (citing *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012)).

This application is supported by the Declaration of Randal C. Miller in Support of Malikie's *Ex Parte* Application Pursuant to 28 U.S.C. § 1782 (the "Miller Decl."), which attaches, *inter alia*, a proposed subpoena and a proposed protective order to govern the production of the requested materials; the Declaration of Angela Quinlan in Support of Malikie's *Ex Parte* Application Pursuant to 28 U.S.C. § 1782 (the "Quinlan Decl."); the Declaration of Dr. Marina Wehler in Support of Malikie's *Ex Parte* Application Pursuant to 28 U.S.C. § 1782 (the Wehler Decl."); the Declaration of Gitanjali Sharma in Support of Malikie's *Ex Parte* Application Pursuant to 28 U.S.C. § 1782 (the "Sharma Decl."); and a proposed order.

-1-

## I.    PRELIMINARY STATEMENT

Through this Section 1782 application, Malikie seeks from BlackBerry Corp. (referred to hereinafter, together with its parent company BlackBerry Ltd., as "BlackBerry") agreements licensing patents that Malikie now asserts against Xiaomi Corporation and several affiliates[1] (collectively "Xiaomi") before the Munich I District Court (*Landgericht München I*) in the Federal Republic of Germany (the "German Proceedings") and before the High Court of Delhi in the Republic of India (the "Indian Proceedings"; collectively with the German Proceedings, the "Foreign Proceedings").  The Asserted Patents were originally developed by and assigned to BlackBerry.   They have been disclosed, or deemed disclosed, to the European Telecommunications and Standards Institute ("ETSI") as Essential or potentially Essential to various wireless standards, including the 4G and/or 5G cellular standards.  While still assigned to BlackBerry, the Asserted Patents were licensed to several implementers as part of BlackBerry's portfolio of Standard Essential Patents ("SEPs").  These agreements were executed either by BlackBerry or by a third-party licensing entity, Teletry,[2] who was at that time authorized to license certain BlackBerry SEPs to certain parties.[3]

---

[1] Xiaomi Corporation; Xiaomi Inc.; Bejing Xiaomi Mobile Software Co., Ltd.; Xiaomi Communications Co., Ltd.; Xiaomi Technology Netherlands B.V.; Xiaomi Technology Germany GmbH; Techlife Germany GmbH; and Xiaomi Technology India Private Limited.

[2] "Teletry," as used herein, refers to Teletry, LLC; Teletry Holdings, LLC, and Teletry International Holdings, Ltd., and any an all affiliated entities, or other legal entities that are or were wholly or partially owned or controlled, either directly or indirectly, by them or under common control with them.

[3] Specifically, BlackBerry provided Teletry a patent license to its patent portfolio with certain rights to sublicense the portfolio.

-2-

BlackBerry and Teletry terminated their relationship in 2023, and BlackBerry has assigned to Malikie certain of its SEPs, including the Asserted Patents. Malikie was forced to assert these patents against Xiaomi in the Foreign Proceedings because Xiaomi is practicing the Asserted Patents and has refused to take a license to them.

Through this application, Malikie seeks "[a]ll agreements in [BlackBerry's] possession, custody or control that include a grant of a license, covenant, or other rights to any BlackBerry patents relating to any Cellular Standard with respect to any wireless handsets to which Teletry is a party or that were negotiated by Teletry on BlackBerry's behalf; any related agreements or side letters contemporaneously executed by BlackBerry or Teletry; and any additional documents to the extent necessary and sufficient to show the royalties to be paid under such agreements" (the "Requested Agreements"). Miller Decl. at Ex. 1. These agreements are highly relevant to Malikie's patent infringement actions in Germany and India. In the Foreign Proceedings, Malikie seeks to establish that it has complied with its FRAND obligations, including that the terms it offered to Xiaomi are consistent with FRAND in light of the Requested Agreements, which are potentially comparable.

Malikie has asked BlackBerry directly for copies of the Requested Agreements. BlackBerry replied that it could not provide them due to confidentiality provisions that forbid disclosure absent, *inter alia*, a court order or subpoena. Quinlan Decl., ¶ 8. However, it expressed willingness to produce them to Malikie if the agreements' confidentiality obligations were satisfied. *Id.* Accordingly, Malikie submits the instant application for authorization to serve such a subpoena.

## II.     FACTUAL BACKGROUND

### A.     The Parties

Applicant Malikie Innovations Ltd. is an Irish entity duly organized and existing under the laws of Ireland.   Malikie's address is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.   Malikie is the successor-in-interest to a patent portfolio that includes the Asserted Patents.

Applicant Key Patent Innovations Ltd. ("KPI") is the parent company of Malikie Innovations and the beneficiary of a trust pursuant to which Malikie Innovations owns, holds, and asserts its patent portfolio.   KPI is an Irish entity duly organized and existing under the laws of the Republic of Ireland.   Its address is: The Glasshouses, GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin, A96 VR66, Ireland.   KPI and Malikie Innovations are collectively referred to herein as "Malikie."

On information and belief, BlackBerry Corp. is an American entity that is incorporated in Delaware and has its principal place of business at 7950 Legacy Dr., Suite 400, Plano, TX 75024. It is a wholly owned subsidiary of Blackberry Ltd., formerly known as Research in Motion Ltd., which is a Canadian company headquartered in Waterloo, Ontario, and is the former owner and assignee of the Asserted Patents.   BlackBerry Corp. has possession, custody, and/or control of the Requested Agreements.

### B.     The Asserted Patents

BlackBerry, a pioneer of wireless communication, has developed an extensive portfolio of patents related to cellular technology, including European Patent Nos. 2 606 690 B1 and 2 879 321 B1, and Indian Patent Nos. 283303, 317530, and 335982, which Malikie now asserts against Xiaomi.   Quinlan Decl., ¶ 5.   Many of these patents, including the Asserted Patents, have been

disclosed, or deemed disclosed, as Essential or potentially Essential to wireless telecommunication standards, such as the 4G and/or 5G cellular standards. *Id.* In 2017, before assigning the Asserted Patents to Malikie, BlackBerry licensed a patent portfolio to a third party, Teletry, with rights to sublicense the portfolio. *Id.,* ¶ 6; Miller Decl. at Ex. 3 (during fiscal year 2018 BlackBerry "[e]ntered into a strategic licensing agreement with Teletry, under which Teletry may sublicense a broad range of the Company's patents to a majority of global smartphone manufacturers"). Malikie understands that Teletry has entered into patent licenses with several implementers that include the Asserted Patents. Quinlan Decl., ¶ 6. It is these agreements—the Requested Agreements—that Malikie seeks through this application. Miller Decl. at Ex. 1.

From 2023 to 2025, BlackBerry and Malikie entered into a series of agreements under which BlackBerry assigned a number of patents to Malikie, including the Asserted Patents, and granted Malikie a license to exclusively sublicense the remaining BlackBerry cellular patents to certain manufacturers. Quinlan Decl., ¶ 7. As part of these transactions and in preparation for Malikie's patent enforcement, Malikie asked BlackBerry for copies of the Requested Agreements. Quinlan Decl., ¶ 8 and Ex. 1. Malikie understands that BlackBerry has these agreements but cannot provide them because they "generally contain confidentiality provisions that restrict the extent to which the parties can share copies of the agreements with third parties." *Id.* at Ex. 1. However, BlackBerry has represented that "the confidentiality provisions generally permit disclosure of the agreements pursuant a court order or subpoena, provided that there is a protective order (or its equivalent, such as a confidentiality club) to protect the confidentiality of the agreements, subject to certain notice provisions." *Id.* Thus, Malikie hereby applies for a subpoena, which will allow BlackBerry to provide notice to licensees and produce to Malikie copies of the Requested Agreements under a stipulated protective order: "[BlackBerry] further indicated [it] would not

-5-

oppose any request for a court order, and that BlackBerry would not object to disclosure of the agreements pursuant to a court order or subpoena, provided that there are suitable confidentiality protections, such as a protective order or confidentiality club." *Id.*

**C.    Malikie Is Alleging Patent Infringement in the Foreign Proceedings**

Since acquiring rights to the BlackBerry portfolio, Malikie has sought to license them to implementers of the covered standards that are infringing the patents, including Xiaomi. *Id.,* ¶ 10. Malikie has been negotiating with Xiaomi since 2023, but Xiaomi has refused to take a license to Malikie's patents on FRAND terms and conditions. Wehler Decl., ¶ 5; Sharma Decl., ¶ 9. Thus, Malikie had to bring patent infringement actions against Xiaomi.

On July 21, 2025, Malikie filed lawsuits against Xiaomi in the Munich I District Court of Munich, Germany, asserting infringement of European Patent Nos. 2 606 690 B1 and 2 879 321 B1 by Xiaomi products using the 4G and 5G telecommunication standards. Wehler Decl., ¶ 4. As Xiaomi has done in the past and as happens in the majority of German SEP cases, Malikie anticipates that Xiaomi will raise a FRAND defense to Malikie's patent infringement claims. Indeed, Xiaomi has recently successfully filed a Section 1782 application in this district, seeking discovery to aid its FRAND defense in a German litigation brought against it by Ox Mobile Technologies GmbH. *In re Application for an Order Pursuant to 28 U.S.C. 1782 To Obtain Discovery for use in Foreign Proceedings*, No. 4:23-mc-96, 2025 WL 714374 (E.D. Tex. Mar. 5, 2025) ("*In re Xiaomi*").

Similarly, on July 21, 2025, Malikie sued Xiaomi for infringing Indian Patent Nos. 283303, 317530 and 335982 in the High Court of Delhi at New Delhi, India. Sharma Decl., ¶¶ 3, 5. In that matter, Malikie seeks "a declaration that Malikie has complied with the FRAND obligation to ETSI in respect of Defendants' use of, *inter alia*, 4G and 5G SEPs." Sharma Decl., ¶ 9.

To help demonstrate that Malikie has complied with its FRAND obligation, Malikie intends to show that it has, *inter alia,* made offers to Xiaomi that are consistent with licensing on fair, reasonable and non-discriminatory (FRAND) terms and conditions. Some of the considerations when evaluating the issue of FRAND are the terms of "comparable licenses." Wehler Decl., ¶ 6; Sharma Decl., ¶ 10. Thus, foreign courts are likely to consider Malikie's licensing offers in light of comparable licenses for the Asserted Patents with Xiaomi's competitors. Wehler Decl., ¶ 6; Sharma Decl., ¶ 10; *see also, In re Xiaomi*, 2025 WL 714374, at *7 ("the German Court must compare [Ox Mobile's] licensing terms to Xiaomi to other licenses in the Ox Mobile Portfolio because the value of the Ox Mobile Portfolio weighs heavily on the question of whether [Ox Mobile's] licensing terms for the [Asserted] Patent were FRAND"). Accordingly, some or all of the Requested Agreements will very likely be relevant to the litigation of the FRAND claims in the Foreign Proceedings.

### D.    Requested Discovery

Through its Section 1782 application, Malikie seeks only one discrete category of highly relevant documents: licenses and limited related materials covering the Asserted Patents and other SEPs included in Malikie's licensing offers that Teletry entered into or negotiated on BlackBerry's behalf with Xiaomi's competitors. Accordingly, Malikie's discovery request is as follows: "All agreements in Your possession, custody or control that include a grant of a license, covenant, or other rights to any BlackBerry patents relating to any Cellular Standard with respect to any wireless handsets to which Teletry is a party or that were negotiated by Teletry on BlackBerry's behalf; any related agreements or side letters contemporaneously executed by BlackBerry or Teletry; and any additional documents to the extent necessary and sufficient to show the royalties to be paid

under such agreements."[4]  Miller Decl. at Ex. 1.

## III.    ARGUMENT

As explained below, Malikie's Section 1782 application satisfies all of Section 1782's statutory requirements.  The Supreme Court's discretionary factors also strongly favor granting the limited discovery requested.

### A.    Legal Standard

To obtain discovery under Section 1782, an applicant must show:  (i) the request is made by an interested person, (ii) the evidence sought is for use in a foreign proceeding, and (iii) the person from whom discovery is sought resides in or is found in the district in which the application was filed.  28 U.S.C. § 1782; *Intel Corp v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 246 (2004).

Once Malikie satisfies the statutory requirements for Section 1782 relief, the following additional factors are to be examined to determine whether the Court should exercise its discretion to grant the application:  (i) whether the discovery sought is within the jurisdiction of the foreign proceeding, (ii) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," (iii) whether the Section 1782 request "conceals an attempt to circumvent foreign proof-gathering restrictions," and (iv) whether the request is otherwise "unduly intrusive or burdensome."  *Intel,* 542 U.S. at 264–65.

---

[4] Licenses to wireless handsets, as opposed to infrastructure or other licenses, are the most relevant for purposes of the FRAND issues arising in the Foreign Proceedings.  Limiting its request to only licenses covering similar products further shows Malikie's good faith in only seeking documents relevant to the foreign proceedings.

### B.    Malikie's Application Meets the Section 1782 Requirements

Malikie's Application satisfies the three statutory requirements:  Malikie is an "interested person" in the Foreign Proceedings, the requested discovery is for use in a foreign proceeding, and BlackBerry resides in this district.  *Intel,* 542 U.S. at 246–49.

### 1.    Malikie Is an "Interested Person"

*First*, as Malikie is the plaintiff in both the German and Indian Proceedings, there can be "no doubt" that it is an "interested person" within the meaning of Section 1782.  *Id.* at 256; *In re Thales Dis Ais Deutschland GmbH,* No. 3:21-mc-303, 2021 WL 7707268, at *2 (N.D. Tex. Nov. 5, 2021)  ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782.") (*citing Intel,* 542 U.S. at 256); *In re Path Network, Inc.*, 703 F. Supp. 3d 1046, 1062 (N.D. Cal. 2023) (named "litigants in the foreign proceeding" are "prototypical interested persons" under § 1782).

### 2.    The Evidence Is for Use in a Foreign Proceeding

*Second*, the requested evidence is for use in a foreign proceeding.  The German Proceedings pending in the Munich I District Court, and the Indian Proceedings pending in the High Court of Delhi, qualify as foreign proceedings under *Intel*.  542 U.S. at 258 ("The term 'tribunal' … includes … conventional civil, commercial, criminal, and administrative courts") (internal citation omitted); *see also In re Thales,* 2021 WL 7707268, at *1 (granting Section 1782 application for use in a patent dispute in the Munich Regional Court); *In re Application of Daniel Snyder for an Order Directing Discovery from The Ardent Group, LLC Pursuant to 28 U.S.C. § 1782*, Case No. 4:20-mc-2867, Dkt. 4 (S.D. Tex., Nov. 12, 2020) (granting Section 1782 application for use in a civil case in the High Court of Delhi).

-9-

Next, the Requested Agreements are "for use" in the Foreign Proceedings. To be "for use" under Section 1782, the discovery sought need only be relevant to foreign proceedings. *In re Xiaomi*, 2025 WL 714374, at *4 (the "burden to prove that the requested discovery is 'for use' in the German Proceeding is *de minimis*—[one] need[s] only [to] show that the discovery it seeks is relevant"); *Weber v. Finker,* 554 F.3d 1379, 1384–85 (11th Cir. 2009) (Section 1782 discovery requests need only comply with the Fed. R. Civ. P. standard for relevance). This Court need not determine whether the Requested Agreements are *discoverable* or *admissible* in the foreign proceedings. *Maxell, Ltd. v. Apple Inc.,* No. 5:19-cv-36-RWS, 2021 WL 3012355, at *3 (E.D. Tex. Jan. 27, 2021). Rather, relevance under Section 1782 is "broadly construed and encompasses any material that bears on, or that reasonably leads to other matters that could bear on, any issue that is or may be in the case*." In re Xiaomi,* 2025 WL 714374, at *4 (*citing In re Application of HydroDive Nigeria, Ltd.*, No. 13-mc-0477, 2013 WL 12155021, at *3 (S.D. Tex. May 29, 2013)).

Here, the requested agreements are highly relevant to Malikie's FRAND showing in the Foreign Proceedings. Wehler Decl., ¶ 6; Sharma Decl., ¶ 10; *In re Xiaomi,* 2025 WL 714374, at *4 (granting application seeking licensing material for use in a German litigation involving FRAND issues: "Xiaomi's requested discovery … [is] relevant to determining whether the licensing terms offered by Respondents were fair, reasonable, and non-discriminatory"); *In re Thales DIS AIS Deutschland GmbH,* No. 3:21-mc-303, 2022 WL 717280, at *4 (N.D. Tex. Mar. 10, 2022) (granting application seeking licensing material for use in a German litigation involving FRAND issues: "[s]o long as the discovery requested here is relevant to pending litigation in Germany, the discovery is 'for use' in those foreign proceedings"); *In re Qualcomm Inc.,* No. 18-cv-80104, 2018 WL 3845882, at *2 (N.D. Cal. Aug. 13, 2018) (Document requests for use in "patent infringement suits pending in the District Courts in Munich and Mannheim, Germany" are

-10-

"discovery for use in proceedings before a foreign tribunal"). Therefore, the second statutory requirement is met.

### 3.     BlackBerry Resides in and Is Found in This District

*Third*, BlackBerry resides in or is found in the district. A business entity resides in a district where it is headquartered or where it has its principal place of business. *In re Ltda.*, No. 3:24-mc-24-D-BN, 2024 WL 4309481, *10 (N.D. Tex. Aug 8, 2024) (business "resides or is found in the Northern District of Texas because it is either headquartered here or has its principal place of business here"); *Path Network,* 703 F. Supp. 3d at 1060. BlackBerry Corp. is headquartered at 7950 Legacy Drive, Suite 400, Plano, TX 75024. As BlackBerry Corp.'s headquarters is in Collin County, it resides in the Eastern District of Texas. Miller Decl., ¶ 6 and Ex. 4.

BlackBerry Corp. is an appropriate respondent for Malikie's subpoena, regardless of where the Requested Agreements are "located" (to the extent the physical location of electronic files can be discerned in this digital age). Here, "the relevant inquiry is not where documents are located but which documents are within Respondents' possession, custody, or control." *Banca v. Lone Star Fund Ix (U.S.)*, No. 3:18-mc-100-M, 2020 WL 10046110, *18 (N.D. Tex. Sept 25, 2020). In this Circuit, "documents are considered to be under a party's control for discovery purposes when that party has the right, authority, or practical ability to obtain the documents." *Hoffman v. L&M Arts,* No. 3:10-cv-0953, 2013 WL 12284632, at *3 (N.D. Tex. Oct. 2, 2013) (quoting *Shell Global Sols. (US) Inc. v. RMS Eng'g, Inc.*, No. 4:09–cv–3778, 2011 WL 3418396, at *2 (S.D. Tex. Aug. 3, 2011)). Thus, Malikie can seek the Requested Agreements from BlackBerry Corp., even if they are "located" with its Canadian parent, if it has the right, authority, or practical ability to obtain them. From communications with BlackBerry, Malikie understands that BlackBerry Corp. has

and is able to produce the Requested Agreements pursuant to a court order or subpoena and is therefore an appropriate respondent to this Section 1782 application.  Quinlan Decl., ¶ 8.

Courts in several other circuits have also addressed this issue and granted Section 1782 applications that involved subpoenas to local affiliates for documents "held by" foreign affiliates. *See, e.g., Sergeeva v. Tripleton Int'l Ltd.,* 834 F.3d 1194, 1200 (11th Cir. 2016) (granting § 1782 petition seeking from a U.S. entity documents allegedly "held" by the respondent's sister company in the Bahamas); *In re del Valle Ruiz*, 939 F.3d 520, 533 (2d Cir 2019) (granting § 1782 petition seeking from a U.S. subsidiary documents allegedly "held" by the respondent's foreign parent company); *see also In re Biomet Orthopaedics Switzerland GmBh*, 742 F. App'x 690, 695 (3d Cir. 2018) (Section 1782 contains "no express mandate to consider a principal-agent relationship, or whether documents being held by the subpoenaed party belong to a foreign party"); *Amgen, Inc. v. Celltrion USA, Inc.,* No. 24-9052 (CPO/EAP), 2024 U.S. Dist. LEXIS 230504, *15-19 (D.N.J Dec 20, 2024) ("Section 1782 requires only that the person from whom the documents are sought resides in or can be found in the District; it does not require that the documents be maintained or found in this District.").

## C.    The *Intel* Discretionary Factors Favor Granting Discovery

All of the Supreme Court's discretionary factors also favor granting Malikie's application. *Intel,* 542 U.S. at 264–65.

### 1.    The Foreign Courts May Not Compel Discovery

The first Intel factor weighs in favor of granting the application where, as here, the requested discovery is not available in the foreign proceedings.  Courts recognize that this factor generally weighs in favor of an application that seeks discovery from a party that is not a participant in the foreign proceedings.  *See, Intel* 542 U.S. at 264; *In re Akhmedova,* No. 5:20-mc-

-12-

1099-JKP-RBF, 2020 WL 6376651, at *3 (W.D. Tex. Oct. 30, 2020), *report and recommendation adopted,* No. SA-20-MC-1099-JKP-RBF, 2020 WL 13190300 (W.D. Tex. Nov. 29, 2020) (finding the first *Intel* factor weighed in favor of granting discovery because the respondent was not a participant in the foreign proceedings); *Matter of Canadian Imperial Bank of Com.,* No. 24-80070, 2024 WL 3226794, at *2 (N.D. Cal. June 27, 2024) (finding that the first Intel factor "weighs in favor of granting the application" where the applicant seeks discovery from an entity that is "not a party to the foreign proceedings"). This is because "[m]ost civil-law systems lack procedures analogous to the pretrial discovery regime operative under the Federal Rules of Civil Procedure" and discovery procedures are "generally more restricted, or nonexistent." *Intel*, 542 U.S. at 261 n.12. This is true of German Courts, as "German civil procedure does not offer a mechanism for general pretrial discovery comparable to that obtainable in the United States." *Heraeus Kulzer GmbH v. Esschem, Inc.,* 390 F. App'x 88, 92 (3d Cir. 2010) (noting that "the German court has no jurisdiction over a non-party"); Wehler Decl., ¶ 8; *In re Lufthansa Technik AG*, No. C17-1453-JCC, 2019 WL 280000, at *2 (W.D. Wash. Jan. 22, 2019) ("Respondent is not a participant in the litigation in Germany … and therefore the first *Intel* factor weighs in Petitioner's favor").

Furthermore, "[t]he German Court can only request the submission of documents particularly specified or referred by a party of the German Proceeding and does not have the authority to investigate or to order the investigation of facts or documents not already specified by the parties of the action[.]" *In re Xiaomi,* 2025 WL 714374, at *5; Wehler Decl., ¶ 8; *see also In re Thales*, 2021 WL 7707268, at *2 (finding that "evidence that production of documents in German civil lawsuits is limited to documents that can be specifically identified, rather than categories of documents that are relevant to the litigation" weighed in favor of granting a § 1782 petition).

-13-

In its due diligence leading up to its agreements with BlackBerry, Malikie has learned some information regarding the Requested Agreements. For example, it has identified the probable licensees for approximately a dozen of these agreements. Quinlan Decl., ¶ 8; Wehler Decl., ¶ 7. It plans to use this information to seek an order from the German court for the production of as many relevant agreements as it can specifically identify. Wehler Decl., ¶ 7. However, Malikie does not have complete information about these agreements and it is not sure that the information it has surmised is actually correct. *Id.* If Malikie cannot identify the agreements with the level of particularity required by the German Courts, or if its information on them is incorrect, Malikie's German request for disclosure will be unsuccessful. *Id.* Accordingly, this Section 1782 application is necessary to obtain the Requested Agreements that Malikie cannot fully identify in the German Proceedings. There also may be additional agreements, amendments, side letters, or other responsive documents of which Malikie has no knowledge. To ensure that it receives any and all relevant agreements, Malikie's present application seeks a *category* of documents from BlackBerry: "All agreements in Your possession, custody, or control that include a grant of a license, covenant or other rights to any BlackBerry intellectual property relating to any Cellular Standard with respect to any wireless handsets to which Teletry is a party or that were negotiated by Teletry on BlackBerry's behalf; any related agreements or side letters contemporaneously executed by BlackBerry or Teletry; and any additional documents to the extent necessary and sufficient to show the royalties to be paid under such agreements." Miller Decl. at Ex. 1.

Furthermore, although German courts enforce production orders through financial penalties, it is unlikely that such an order could be successfully enforced against a third party residing outside of Germany. Wehler Decl., ¶ 7. So, even if Malikie obtained a production order against BlackBerry, it would have no way to compel compliance. *Id.*

-14-

Likewise, this Section 1782 Application would assist the Indian courts.  BlackBerry Corp. is not a party to the Indian Action and does not reside in India.  Sharma Decl., ¶¶ 16-17.  Production orders against non-parties in India are time consuming and not routine.  *Id.*  This is particularly true in FRAND cases, as there is no known decision yet from an Indian court that has ordered discovery of documents from a non-party to a FRAND case.  *Id.*  Accordingly, discovery through Section 1782 will almost certainly be quicker than discovery in India, and will have a higher likelihood of success.  *Id.*  Given this, Indian Courts are amenable to admitting documents obtained through Section 1782.  *Id.,* ¶ 18; *In re Dr. Sharma*, No. 2:24-mc-00119-DJC-JDP, 2024 U.S. Dist. LEXIS 111805, *4 (E.D. Cal., Jun. 24, 2024) ("India is receptive to this court providing assistance").  Relief from this court would greatly assist Malikie in obtaining discovery critical to its FRAND case in the Indian Proceedings.  Sharma Decl., ¶ 17.

Thus, because Malikie cannot obtain the requested production (or, at the very least, the full scope of the requested production) from the foreign courts directly, the first *Intel* factor weighs in favor of granting the present Section 1782 application.

## 2.    German and Indian Courts Are Not Hostile to Discovery Pursuant to Section 1782

This second factor is favorable absent "authoritative proof" that the foreign tribunal would reject discovery obtained through Section 1782, such as a "clear directive" from the "country's judicial, executive or legislative declarations that specifically address the use of evidence gathered under foreign procedure[.]"  *Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095, 1100 (2d Cir. 1995); *In re Xiaomi,* 2025 WL 714374, at *5 ("The second *Intel* factor instructs the Court to deny discovery … only when the party resisting discovery provides 'authoritative proof that a foreign tribunal would reject evidence' obtained via § 1782.") (quoting *Ecuadorian Plaintiffs v. Chevron*

*Corp.,* 619 F.3d 373, 378 (5th Cir. 2010)); *LEG Q LLC v. RSR Corp.,* No. 3:17-cv-1559-N-BN, 2017 WL 3780213, at *9 (N.D. Tex. Aug. 31, 2017) (authoritative proof is necessary "to avoid 'speculative foray[s] into legal territories unfamiliar to federal judges'") (quoting *Ecuadorian Plaintiffs,* 619 F.3d at 378). Here, there is no evidence that either German or Indian courts would reject discovery obtained through Section 1782. Wehler Decl., ¶ 11; Sharma Decl., ¶ 18; *See also, Heraeus Kulzer, GmbH v. Biomet, Inc.,* 633 F.3d 591 (7th Cir. 2011) ("[T]here is nothing to suggest that the German court would be affronted by [the applicant's] recourse to U.S. discovery or would refuse to admit any evidence[.]").

Rather, the opposite is true. Courts have routinely granted Section 1782 applications seeking discovery for use in German proceedings, particularly applications seeking license agreements for use in FRAND cases, such as Malikie's. Wehler Decl., ¶ 11; *In re Xiaomi,* 2025 WL 714374, at *7 (granting petition seeking agreements and negotiations "relevant to Xiaomi's FRAND defense" for use in German proceedings); *In re Thales,* 2021 WL 7707268, at *1 (granting Section 1782 application for use in a dispute involving FRAND issues in the Munich Regional Court); *In re Apple Inc.,* No. 12-80013 JW, 2012 WL 1570043 (N.D. Cal. May 2, 2012) (denying motion to quash subpoena granted under Section 1782 for license agreements and related correspondence for use in FRAND-related arguments in German lawsuits); *In re Financialright Claims GmbH,* No. 23-cv-1481, 2024 WL 4818177 (D. Del., Nov. 18, 2024) (granting over objection Section 1782 petition for discovery to be used in German litigation).

India is also receptive to U.S. courts providing discovery assistance through Section 1782. Sharma Decl., ¶ 18; *In re Dr. Sharma*, 2024 U.S. Dist. LEXIS 111805, at*4 ("India is receptive to this court providing assistance."). Thus, Section 1782 Petitions seeking discovery for use in India are also regularly granted. *In re Application of Daniel Snyder*, Case No. 4:20-mc-2867, Dkt. 4

(granting Section 1782 application for use in a civil case in the High Court of Delhi in the Republic of India); *In re Coal. Dev. Ltd.*, No. 21-mc-80057-VKD, 2021 U.S. Dist. LEXIS 58497 (N.D. Cal., Mar. 24, 2021) (same); *In re Application of Martin & Harris Private Ltd.*, Case No. 20-cv-17070, Dkt. 22 (D.N.J., Jun. 14, 2021) (denying motion to quash subpoena issued pursuant to Section 1782 application for use in Indian civil litigation).

Accordingly, the second factor also weighs in favor of granting Malikie's application.

### 3.    This Application Does Not Circumvent any Proof-Gathering Restrictions

Malikie's application is not an attempt to circumvent German or Indian proof-gathering restrictions.   As demonstrated above, Germany does not prohibit obtaining material through Section 1782: "there is no circumvention" of German proof-gathering restrictions by seeking discovery through Section 1782 because "U.S. courts have routinely granted applications under Section 1782 for discovery of evidence to be used in German proceedings."    *In re Illumina Cambridge Ltd.,* No. 19-80215, 2019 WL 5811467, *5 (N.D. Cal. Nov. 7, 2019); Wehler Decl., ¶ 11 ("German courts are receptive to evidence obtained through foreign discovery procedures, in particular under section 1782, even though German law does not itself provide such procedures"); *see also In re Xiaomi,* 2025 WL 714374, at *7 ("German courts are generally receptive to discovery obtained with § 1782 assistance"); *Heraeus Kulzer, GmbH v. Biomet, Inc.,* 633 F.3d 591, 597 (7th Cir. 2011) (reversing denial of § 1782 application after finding error in District Court's conclusion that applicant "was seeking to circumvent German law").   Indeed, this Court need not even inquire whether the Requested Agreements are *discoverable* in the Foreign Proceedings, as this is not a requirement for granting a Section 1782 application.   *Intel*, 542 U.S. at 265 ("§ 1782(a) contains

-17-

no threshold requirement that evidence sought from a federal district court would be discoverable under the law governing the foreign proceeding").

Likewise, there is no reason to believe that this petition circumvents Indian discovery restrictions, as India is receptive to discovery obtained through Section 1782. Sharma Decl., ¶ 18; s*ee also In re Dr. Sharma*, 2024 U.S. Dist. LEXIS 111805, at *4 ("There is also no indication that [the Section 1782 Applicant] is attempting to circumvent India's discovery rules.").

Rather than bypassing foreign discovery rules, Malikie filed this application in good faith. *Kulzer*, 390 F. App'x at 91 (third factor concerns "whether the litigant's motives are tainted by a surreptitious effort to bypass foreign discovery rules"). *First*, Malikie has been upfront and cooperative with BlackBerry. Indeed, BlackBerry has expressed its willingness to produce the Requested Agreements pursuant to a subpoena or court order once it complies with its confidentiality obligations to the licensees. Quinlan Decl., ¶ 8 and Ex. 1. And to address BlackBerry's confidentiality concerns, Malikie attaches hereto a proposed Protective Order. Miller Decl. at Ex. 2. Once Malikie serves its subpoena, it will work with BlackBerry to stipulate to this order, or a modified version thereof. *Second*, Malikie also plans to work directly with the German Court to obtain any agreement it can identify with the required specificity.[5] *Third*, Malikie is only seeking a very narrow set of easily gathered agreements.

Accordingly, this factor also weighs in favor of Malikie's application. *See, e.g., In re Thales,* 2021 WL 7707268, at *3 ("[N]othing suggests that the Petition conceals an attempt to circumvent proof-gathering restrictions or other policies, as evidenced by the likelihood that

---

[5] Accordingly, Malikie makes the present application to ensure that it gathers all relevant agreements, even those that it cannot currently identify and therefore obtain through German discovery procedures.

German courts will accept discovery obtained using § 1782 assistance."); *In re Motorola Mobility, LLC,* No. C 12-80243, 2012 WL 4936609, at *6 (N.D. Cal. Oct. 17, 2012) ("Because there is no indication in the record of an attempt to subvert a foreign tribunal's restrictions, the court finds that this factor weights in favor of [the applicant].").

### 4.    The Discovery Sought Is Not Intrusive or Burdensome

Finally, Malikie's application is neither intrusive nor burdensome.  Rather Malikie's proposed subpoena contains a single request for a very discrete and easily identifiable set of agreements that are highly relevant to Malikie's patent infringement litigation.[6]  Indeed, several courts have previously ruled that requests similar to—or even broader than—Malikie's are not burdensome.  *In re Xiaomi,* 2025 WL 714374, at *7 (denies motion for reconsideration of prior grant of a petition seeking agreements *and negotiations*); *In re Apple*, 2012 WL 1570043, at *4 (denies motion to quash prior grant of a petition seeking license agreements and *related correspondence*); *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 921 (N.D. Cal. 2014) (finding application "pursuant to Section 1782 seeking leave to obtain copies of [a party]'s license agreements for use in the German [patent litigation] proceeding" is an appropriate use of this procedure).  Indeed, BlackBerry itself does not consider Malikie's request intrusive or burdensome, as it has expressed willingness to produce the Requested Agreements pursuant to certain confidentiality requirements.  Quinlan Decl., ¶ 8 and Ex. 1.  This factor, too, favors Malikie's application.

## IV.    CONCLUSION

Malikie applies for an order allowing it to serve on BlackBerry a subpoena containing a

---

[6] The confidential nature of the Requested Agreements also does not make Malikie's narrow request intrusive or burdensome.  *In re Xiaomi,* 2025 WL 714374, at *6 (rejecting argument that (continued...)

single request for a discrete set of agreements that BlackBerry is willing to produce. The application satisfies all of the statutory requirements and is strongly supported by each discretionary factor. Accordingly, Malikie respectfully requests that its application be granted.

Date: July 23, 2025

Respectfully Submitted,

*/s/ Garrett Parish*
Andrea Fair
andrea@millerfairhenry.com
Garrett Parish
garrett@millerfairhenry.com
MILLER FAIR HENRY PLLC
1507 Bill Owens Pkwy
Longview, TX 75604
(903) 757-6400

Michael B. Levin (*pro hac vice* forthcoming)
mlevin@wsgr.com
Maura L. Rees (*pro hac vice* forthcoming)
mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

Randal C. Miller (*pro hac vice* forthcoming)
rmiller@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
701 5th Ave #5100
Seattle, WA 98104
(206) 883-2500

*Attorneys for Applicants Key Patent Innovations,*
*Ltd. and Malikie Innovations, Ltd.*

---

a request for unredacted license agreements for use in a German litigation was burdensome because the agreements were confidential).

-20-