# Miller Ex. 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | |
|---|---|
| IN RE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS ) *Plaintiff* ) v. ) ) ) *Defendant* ) | Civil Action No. TBD |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: BlackBerry Corporation

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A

| Place: Miller Fair Henry PLLC<br>1507 Bill Owens Pkwy<br>Longview, Texas 75604 | Date and Time:<br>TBD |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: TBD

*CLERK OF COURT*

OR

_____           _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Malikie Innovations, Ltd. and Key Patent Innovations, Ltd. , who issues or requests this subpoena, are:
Randal Miller, Wilson Sonsini Goodrich & Rosati, 701 5th Ave #5100, Seattle, WA 98104, rmiller@wsgr.com, 206-883-2597

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. TBD

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Case 2:25-mc-00006-JRG-RSP     Document 1-2     Filed 07/23/25     Page 4 of 8 PageID #: 32

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **SCHEDULE A**

PLEASE TAKE NOTICE that pursuant to the Court's order in *In re Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for use in Foreign Proceedings* (the "Order"), the attached Subpoena, and Fed. R. Civ. P. 45, BlackBerry Corp. is required to produce and permit inspection of the following:

**I.     DEFINITIONS**

1. "You," "Your," or "BlackBerry" refer collectively to BlackBerry Corporation; and (i) its present or former directors, principals, owners, members, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, predecessors or successors in interest, parents (including BlackBerry Limited), subsidiaries, joint ventures, affiliated entities, or other legal entities that are or were wholly or partially owned or controlled, either directly or indirectly, by them or under common control with them; (ii) any other Person acting on its behalf or on whose behalf they acted; and (iii) any other Person otherwise subject to their control, or which controls them, or with which they are under common control.

2. "Teletry" refers to Teletry International Limited; and (i) its present or former directors, principals, owners, members, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, predecessors or successors in interest, parents , subsidiaries, joint ventures, affiliated entities, or other legal entities that are or were wholly or partially owned or controlled, either directly or indirectly, by them or under common control with them, including but not limited to Teletry, LLC, Teletry Holdings, LLC, and Teletry, Inc.; (ii) any other Person acting on its behalf or on whose behalf they acted; and (iii) any other Person otherwise subject to their control, or which controls them, or with which they are under common control.

3. "Cellular Standard(s)" refers to 3G, 4G, and 5G cellular telecommunications system standards promulgated by 3GPP, ETSI, and/or other standard-setting organizations, including without limitation, (i) WCDMA-based standards (FDD and TDD) Releases 99 and 4 through 7, each within the 3rd Generation Partnership Project (3GPP), and all improvements and revisions thereof; (ii) OFDMA-based standards resulting from the Long Term Evolution (LTE) project and the Long Term Evolution Advanced (LTE Advanced) project, each within the 3GPP, beginning with Release 8 and any and all subsequent releases through Release 14, and all improvements and revisions thereto; and (iii) the Fifth Generation NR (including both Non-Standalone and Standalone modes) standard, including those specifications beginning with Release 15 of the 3GPP, and all improvements and revisions thereof.

**II.   INSTRUCTIONS**

For the purpose of these requests for production, the following instructions shall apply:

a. You are to provide a full and complete response to the following Request, after conducting a diligent and thorough investigation into all Information within Your possession, custody, or control. If You cannot provide a full and complete response to the Request, You must respond to the Request to the extent possible, specifying the portion of the Request You are unable to answer and providing whatever Information You have regarding the unanswered portion.

b. References to corporate entities include their parents, subsidiaries, affiliates, predecessors, successors, and entities they control, which control them, or that are under common control, as well as their agents, employees, officers, directors, representatives, and counsel.

c. As used herein, the singular shall always include the plural, and the present tense shall also include the past tense, and vice versa.

d. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

  e. The word "any" shall be understood to include and encompass "all."

  f. The terms "all" and "each" shall each be construed to include the other.

  g. If a Document is in a language other than English and an English translation exists, produce both Documents.

  h. If any Document or identification of any Document or oral Communication is withheld under a claim of privilege in response to the Request, You shall provide sufficient information to determine the identity of the Document or oral Communication and state the basis for any asserted claim of privilege within ten (10) days from the Date of service for Your responses and objections to these Requests. In particular, for each privileged Document or Communication, You shall identify:

    i. Its Date;

    ii. The name and title of its author(s);

    iii. The name and title of its recipient(s);

    iv. Its subject matter; and

    v. The nature of the privilege claimed.

  i. All grounds for an objection to a Request must be stated with specificity.

  j. If You object to any part of the Request and refuse to answer that part, You shall state Your objection and answer all remaining portions of the Request. If You object to the scope or time period of the Request and refuse to answer for that scope or time period, You shall state Your objection and the scope or time period You believe is appropriate.

  k. If the Request cannot be answered in full after exercising due diligence to secure the Information, please so state and answer to the extent possible, specifying Your inability to answer the remainder and stating whatever Information You have concerning the unanswered portion. If Your answer is qualified in any way, set forth the details of such qualification.

l.      If You are aware that Information responsive to the Request once existed but has been destroyed, this should be stated, and it should be also stated who destroyed it, the Date on which it was destroyed, why it was destroyed, and the circumstances under which it was destroyed.

m.      If any portion of any document is responsive to the Request, the entire document must be produced, including all attachments and enclosures.

n.      This Request shall be deemed to seek Information, Documents, and Things in existence as of the Date of service thereof and to the full extent of the Federal Rules of Civil Procedure and local rules. This Request Is of a continuing nature and You are required to file and serve supplemental responses and to produce additional Information, Documents, and Things promptly if You obtain further or different Information or additional Documents or Things after the Date of Your initial response and before this Action is completed. Fed. R. Civ. P. 26(e)

## III.   REQUESTS

You are requested to produce for inspection and copying the following documents from the files in Your possession, custody, or control:

**REQUEST FOR PRODUCTION NO. 1:**

All agreements in Your possession, custody or control that include a grant of a license, covenant, or other rights to any BlackBerry patents relating to any Cellular Standard with respect to any wireless handsets to which Teletry is a party or that were negotiated by Teletry on BlackBerry's behalf; any related agreements or side letters contemporaneously executed by BlackBerry or Teletry; and any additional documents to the extent necessary and sufficient to show the royalties to be paid under such agreements.