# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS ) ) ) ) | CASE NO.: _____ |

**DECLARATION OF ANGELA QUINLAN IN SUPPORT OF *EX PARTE* APPLICATION OF MALIKIE INNOVATIONS, LTD. AND KEY PATENT INNOVATIONS, LTD. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

I, Angela Quinlan, declare as follows.

1.     I am Managing Director of Key Patent Innovations, Ltd and Malikie Innovations Ltd.  I am a certified Irish, UK and European Patent Attorney, a certified UK patent litigator, and I have a certificate in Intellectual Property from Queen Mary University of London.  I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2.     I am submitting this declaration on behalf of Applicants Malikie Innovations, Ltd., ("Malikie Innovations") and Key Patent Innovations, Ltd. ("KPI") (collectively "Malikie") in support of their *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for use in Foreign Proceedings.

3.     I have worked at KPI since July 2020, always as Managing Director.  In this role, I am responsible for developing and implementing monetisation strategies for KPI's and its affiliates' intellectual property portfolios, including Malikie Innovations', as well as managing new acquisitions and business development.

4.     KPI is the parent company of Malikie Innovations, an Irish entity focused on licensing a patent portfolio purchased from BlackBerry Ltd. to both established players and new entrants in applicable markets.

5.     BlackBerry Ltd. (referred to hereinafter, together with its U.S. subsidiary BlackBerry Corp., as "BlackBerry") developed an extensive portfolio of patents related to cellular technology, including European Patent Nos. 2 606 690 B1 and 2 879 321 B1, Indian Patent Nos. 283303, 317530, and 335982, which Malikie is asserting against Xiaomi in Germany and India (the "Asserted Patents").  Many of these patents, including the Asserted Patents, have been

disclosed as Essential or potentially Essential to wireless telecommunication standards, such as the 4G and 5G cellular standards.

6. I understand that in 2017, before assigning the Asserted Patents to Malikie, BlackBerry entered into a licensing arrangement for its portfolio of cellular standards-essential patents with a third party, Teletry, which provided Teletry with rights to sublicense the portfolio. I understand from BlackBerry that Teletry has entered into patent sublicenses with several implementers that include the Asserted Patents.

7. Between 2023 and 2025, BlackBerry and Malikie entered into a series of agreements. Through these agreements, BlackBerry assigned a number of patents to Malikie, including the Asserted Patents, and granted Malikie a license to exclusively sublicense the remaining BlackBerry cellular patents to certain manufacturers.

8. During due diligence leading up to these transactions, and again in preparation for Malikie's current lawsuits, Malikie requested from BlackBerry copies of license agreements in its possession that include the patents now assigned and licensed to Malikie, including the Teletry agreements. BlackBerry informed Malikie that it has copies of the requested Teletry agreements, but it cannot provide them to Malikie because they are protected by confidentiality provisions that forbid disclosure to third parties except under certain conditions. Specifically, BlackBerry told Malikie that it could disclose the agreements pursuant to a court order or subpoena provided that they were produced under a protective order or its equivalent, such as a confidentiality club (as they are more commonly referred to in European and Indian litigation). BlackBerry further told Malikie that it would not oppose a request for a court order requiring the disclosure of the agreements or object to disclosing the agreements pursuant to a court order or subpoena, provided the agreements are produced under appropriate confidentiality protections.

9. Attached hereto as **Exhibit 1** is a true and correct copy of an email that BlackBerry sent to Malikie confirming the above. It is from Sean McBeath to me, dated 11 July 2025, and with the following subject line: RE: Malikie.

10. Since acquiring rights to the BlackBerry portfolio, Malikie has sought to license it to implementers of the covered standards that are infringing the patents, including Xiaomi. Malikie has been negotiating with Xiaomi for such a license since mid-2023. To date, Xiaomi continues practicing without a license both Malikie's patents and the BlackBerry patents to which Malikie has the exclusive right to sublicense.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed in __Cashel, Ireland_____ on July _22_, 2025.

By: ___s/ Angela Quinlan_____
      Angela Quinlan