IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS ) ) ) ) | CASE NO.: _____ |

**DECLARATION OF GITANJALI SHARMA IN SUPPORT OF *EX PARTE* APPLICATION OF MALIKIE INNOVATIONS, LTD. AND KEY PATENT INNOVATIONS, LTD. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

I, Gitanjali Sharma, declare as follows:

1. I am an attorney licensed under the laws of the Republic of India. I have been practicing law for over seven (7) years and am a Senior Associate in the litigation practice of Anand & Anand. I have extensive experience with the laws and procedures of Indian Courts. I am fluent in both written and spoken English.

2. I have personal knowledge of the facts stated herein, unless I state otherwise.

3. My law firm and I represent Malikie Innovations, Ltd., ("Malikie Innovations") and Key Patent Innovations, Ltd. ("KPI") (collectively "Malikie") in an Indian legal action against Xiaomi Corp. and several affiliates[1] before the High Court of Delhi in the Republic of India, filed on July 21, 2025 and captioned *Malikie Innovations Ltd. & Anr. v. Xiaomi Corporation & Ors., bearing diary no. 4921238/2025 before the High Court of Delhi* (the "Indian Proceedings").

4. I submit this Declaration on behalf of my clients Malikie Innovations and KPI in support of their *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for use in Foreign Proceedings. This application seeks an order permitting Malikie to serve a subpoena on BlackBerry Corp. (referred to hereinafter, together with its parent company BlackBerry Ltd., as "BlackBerry"), seeking the production of certain license agreements for use in foreign proceedings, including the Indian Proceedings.

---

[1] Xiaomi Corporation; Xiaomi Technology India Private Limited; Xiaomi Communications Co. Ltd; Beijing Xiaomi Mobile Software Co. Limited.

5. In the Indian Proceedings, Malikie asserts the infringement of three patents: Indian Patent No. 283303, Indian Patent No. 317530 and Indian Patent No. 335982 (the "Asserted Patents"). These patents were originally developed by BlackBerry. They have been declared as Essential or potentially Essential to cellular standards, such as ETSI.

6. I understand that BlackBerry has previously entered agreements with several competitors of Xiaomi that licensed BlackBerry's cellular patent portfolio, including the Asserted Patents (the "BlackBerry Licenses"). I understand that these prior licenses were either licensed directly from BlackBerry, or from an entity called Teletry LLC ("Teletry"), that had the right to sublicense BlackBerry's patents prior to BlackBerry's agreements with Malikie.

7. BlackBerry and Malikie entered into multiple agreements from 2023 to 2025, in which BlackBerry assigned a number of patents to Malikie, including the Asserted Patents. BlackBerry also licensed Malikie the remainder of its cellular patents with the exclusive right to sublicense the portfolio to certain specific parties, including Xiaomi.

8. Prior to bringing legal proceedings, Malikie attempted to license its patent portfolio and the BlackBerry portfolio to which it has exclusive sublicensing rights. It offered several companies, including Xiaomi, licenses on fair, reasonable, and non-discriminatory ("FRAND") terms.

9. Xiaomi has not accepted Malikie's FRAND licensing offers. Accordingly, Malikie has filed multiple legal actions, including the India Proceedings. The Indian Proceedings allege, among other things, infringement of the Asserted

Patents, and seek, among other things, a declaration that Malikie has complied with the FRAND obligation to ETSI in respect of Defendants' use of, *inter alia*, 4G and 5G SEPs.

10. In India, the adjudication of FRAND issues by the High Court of Delhi often requires an assessment of the negotiations between the parties, as well as an assessment of comparable license agreements entered by the proprietor of the Standard Essential Patents (SEPs) with relevant implementers.

11. As stated earlier, I understand that before Malikie acquired the portfolio of SEPs, BlackBerry had previously concluded a number of license agreements for its portfolio of Standard Essential Patents with third party cellular device manufacturers that are competitors of Xiaomi *("BlackBerry Licenses")*. I understand that BlackBerry had entrusted a third-party entity named Teletry for executing the BlackBerry Licenses.

12. For the adjudication of FRAND issues in the Indian Legal Proceedings, it is important for Malikie to be able to produce the BlackBerry Licenses before the High Court of Delhi. Hence, they are relevant for the Indian proceedings.

13. To preserve confidentiality of the information in the BlackBerry Licenses, they can be placed in a confidentiality club, restricting access to only a few counsel and in-house representatives as ordered by the Court. Such orders are routinely granted by the High Court of Delhi in cases concerning Standard Essential Patents.

14. I understand that Malikie has some information about the said BlackBerry Licenses, but it does not have access to them, and therefore, it may not have

complete information on several aspects, such as the contracting parties, the execution date, the exact scope of the license and the products covered, etc.

15. I understand that Malikie has asked BlackBerry to provide it with copies of the BlackBerry Licenses, as they are prior agreements that cover the Asserted Patents. I understand BlackBerry responded (a) that it does not oppose providing Malikie with copies of the licenses, but could not do so because they were protected by confidentiality provisions; (b) that these provisions do not permit BlackBerry to provide the licenses to third parties unless required by a court order or subpoena; and (c) that it would not oppose its efforts to obtain a subpoena or court order and would provide the BlackBerry Agreements pursuant to such an order, if adequate confidentiality provisions were in place. Accordingly, Malikie has filed a Section 1782 petition in the United States to request such a subpoena and order. Malikie seeks production of the BlackBerry Licenses for use in foreign proceedings, including the Indian Proceedings.

16. The law on discovery in civil proceedings in India is governed by Order XI of the Code of Civil Procedure, 1908 as amended by the Commercial Courts Act, 2015. The law on discovery and production of documents in India entitles a party to seek production of a document that relates to a matter in question in the suit. Neither BlackBerry nor Teletry is a party to the Indian Proceedings. Although Indian Courts have ordered production of documents by non-parties to the present proceedings, these are not routinely granted, as the general practice is for the Courts to order production of documents by one or more parties to the suit. Discovery proceedings in India, especially seeking

production of documents from non-parties to the suit, are likely to be time consuming. Further, I am not aware of any previous order from an Indian court yet in a case involving Standard Essential Patents and FRAND issues that has ordered the production of license agreements from a non-party to the suit.

17. Blackberry Corp. is not a party to the Indian Proceedings, and I understand that it is headquartered/residing in the United States of America. Because production orders against non-parties are not routine, and there is no known decision of a third-party production order in a FRAND case, obtaining disclosure from BlackBerry in the Indian Proceeding is not certain. Obtaining the BlackBerry Licenses through Section 1782 would be quicker and more certain. Section 1782 would be very helpful to obtain the BlackBerry Licenses, which are relevant and important in the Indian Proceedings.

18. Indian courts are receptive to evidence that is gathered using foreign discovery procedures, including through Section 1782 in the United States. Nothing in Indian law or procedure prohibits this use, and Indian courts have previously permitted it. This is especially so because the law on discovery and production of documents, as contained under Order XI of the Code of Civil Procedure, 1908 requires a party to disclose all documents that were not in its power and possession at the time of filing of the lawsuit in India, but which come to the notice of the party at a later stage of the proceedings. Therefore, the BlackBerry Licenses, once ordered in the Section 1782 proceedings in the United States, will need to be disclosed in the Indian Proceedings. I know of one such case, namely *Nokia Technologies Oy v. Guangdong Oppo Mobile*

*Telecommunications Corp. Ltd. & Ors.*, CS (COMM) No. 304 of 2021 (High Court of Delhi), where documents ordered to be produced by a non-party to the proceedings in India pursuant to a Section 1782 petition in the United States were readily accepted by the High Court of Delhi. I state this because my law firm was representing the Plaintiff as counsel in that case and had filed the documents that were so secured through the Section 1782 petition. The Code of Civil Procedure requires parties to make available true facts and documents to the Court for a just and fair trial and adjudication of the dispute. I understand that the request for production of the BlackBerry Licenses in the Section 1782 petition before the United States is in aid of this objective.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of July, 2025, in New Delhi, India

*[signature]*

Gitanjali Sharma