IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IN RE APPLICATION FOR AN ORDER § 
PURSUANT TO 28 U.S.C. § 1782 TO § 
OBTAIN DISCOVERY FOR USE IN § CASE NO.: _____
FOREIGN PROCEEDINGS § 
§

## **PROTECTIVE ORDER**

The Court issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Protective Order, this Protective Order shall remain in effect through the final judgment in the present action (the "Section 1782 Proceeding") and the Global Proceedings, as defined in Paragraph 14 below (together with the Section 1782 Proceeding, the "Proceedings"), whichever comes last, after the completion and exhaustion of all appeals, rehearings, remands, or reviews of the Proceedings, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

In support of this order, the Court finds that:

A.  Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") is likely to be disclosed or produced during the course of discovery in the Section 1782 Proceeding;

B.  The parties to the 1782 Proceeding, Applicants Malikie Innovations, Ltd. and Key Patent Innovations, Ltd. (collectively "Malikie") and Respondent BlackBerry Corp. ("BlackBerry") (together, the "Parties"), may assert that public dissemination and disclosure of Confidential

1

Information could severely injure or damage the Party disclosing or producing the Confidential Information and could place that Party at a competitive disadvantage; and

C.   To protect the respective interests of the Parties and to facilitate the progress of disclosure and discovery in the Proceedings, the following Protective Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. Documents or discovery responses containing Confidential Information disclosed or produced by any Party in the Section 1782 Proceeding are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing Party as "HIGHLY CONFIDENTIAL" and which are disclosed or produced in the Section 1782 Proceeding are Protected Documents and are entitled to the treatment described below.

2. The Protections conferred by this Protective Order shall not cover (a) advertising materials, (b) any information that is in the public domain at the time of disclosure to a receiving Party or becomes part of the public domain after its disclosure to a receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise, (c) documents that were submitted to any governmental entity without request for confidential treatment, or (d) any information known to the receiving Party prior to the disclosure or obtained by the receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Party producing the Protected Documents.

3. The protections conferred by this Protective Order cover not only Protected Documents as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. The protections conferred by this

    Protective Order also cover testimony, conversations, or presentations by Parties or by parties to the Global Proceedings ("Global Proceedings Parties") or their counsel in court that might reveal Protected Documents, to the extent ordered by the Court.

4.  Nothing in this Protective Order shall prevent or restrict a producing Party's own disclosure or use of its own Protected Documents for any purpose, nor does it apply to publicly available documents.

5.  Each Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

6.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating Party to sanctions.

7.  If it comes to the designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designating Party must promptly notify all other Parties and Global Proceedings Parties that it is withdrawing the mistaken designation.

8. Except as otherwise stipulated or ordered, documents or discovery responses that qualify for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

9. Designation in conformity with this Protective Order requires that the producing Party affix the legend "HIGHLY CONFIDENTIAL" to each page that contains Confidential Information. If only a portion or portions of the material on a page qualify for protection, the producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

10. At any time after the delivery of Protected Documents, counsel for the Party or Global Proceedings Party receiving the Protected Documents may challenge the "HIGHLY CONFIDENTIAL" designation of all or any portion thereof by providing written notice thereof to counsel for the Party disclosing or producing the Protected Documents. Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Proceedings, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

11. A Party or Global Proceedings Party may request in writing to the other Party that the designation given to any Protected Documents be modified or withdrawn. If the Parties and/or Global Proceedings Parties are unable to agree as to whether the designation of discovery material is appropriate, the Party or Global Proceedings Party receiving the Protected Documents shall certify to the Court that the Parties cannot reach an agreement

as to the confidentiality of all or a portion of the Protected Documents. Thereafter, the Party disclosing or producing the Protected Documents shall have ten (10) business days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The Party producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the Party producing the Protected Documents does not timely file a motion for a protective order, then the Protected Documents shall be deemed redesignated as requested by the Party. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Protective Order until and unless the Parties and/or Global Proceedings Parties formally agree in writing to the contrary, a Party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment. Pending the Court's determination of the application for relief, the designation of the designating Party shall be maintained.

12. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

13. Documents, information or material produced pursuant to any discovery request in the 1782 Proceeding, including but not limited to Protected Documents, shall be used under the terms of this Protective Order by the Parties only in the 1782 Proceeding and/or pursuant to Sections 14-15, *infra*, and shall not be used for any other purpose.

14. Documents, information or material produced pursuant to any discovery request in the 1782 Proceeding, including but not limited to Protected Documents, may be used by the

Parties in the Global Proceedings under the terms of this Protective Order until the Party secures confidentiality protections from the relevant foreign court according to Section 15, *infra*.  For purposes of this Order, "Global Proceeding" shall refer to any current or future proceeding anywhere in the world between Malikie and Xiaomi[1] (the "Global Proceedings Parties") in which either Party asserts claims, defenses, or counterclaims related to patent infringement, licensing, or obligations arising out of commitments relating to licensing patents on Fair, Reasonable, and Non-Discriminatory (RAND or FRAND) terms and conditions, including without limitation the following proceedings:

(a) The Proceedings filed by Malikie Innovations Limited against Xiaomi Corporation, *et al*. on July 21, 2025 in the Munich I District Court (Landgericht München I), asserting the infringement of EP 2 606 690 B1;

(b) The Proceedings filed by Malikie Innovations Limited against Xiaomi Corporation, *et al*. on July 21, 2025 in the Munich I District Court (Landgericht München I), asserting the infringement of EP 2 879 321 B1; and

(c) *Malikie Innovations Ltd. & Anr. v. Xiaomi Corporation & Ors., bearing diary no. 4921238/2025 before the High Court of Delhi.*

15. Documents, information or material produced pursuant to any discovery request in the 1782 Proceeding, including but not limited to Protected Documents, may be used by the Parties and/or Global Proceedings Parties in the Global Proceedings.  However, to the extent Protected Documents are used in any Global Proceedings, the Party or Global

---

[1] "Xiaomi" in the context of this Order shall include Xiaomi Corporation; Xiaomi Inc.; Bejing Xiaomi Mobile Software Co., Ltd.; Xiaomi Communications Co., Ltd.; Xiaomi Technology Netherlands B.V.; Xiaomi Technology Germany GmbH; and/or Xiaomi Technology India Private Limited.

Proceedings Party using the Protected Documents shall seek at the earliest possible opportunity confidentiality protections available under the laws, rules, and procedures of the relevant foreign court. Once such confidentiality protections are secured in the Global Proceedings, access to and use of the Protected Documents shall be governed by the court in those proceedings. To the extent the confidentiality protections issued by a court in the Global Proceedings conflicts with this Order, the confidentiality protections issued by such court in the Global Proceedings shall govern with respect to using the Protected Documents in such Global Proceedings.

16. Documents designated as "HIGHLY CONFIDENTIAL" and any information contained therein shall be disclosed only to the following persons:

    (a) Outside counsel of record in the Proceedings and employees of such counsel assigned to and reasonably necessary to assist such counsel, and up to five (5) outside counsel of the Parties or Global Proceedings Parties of the Parties or Global Proceedings Parties who have signed the Acknowledgement and Agreement to be Bound (Exhibit A), and employees of such counsel assigned to and reasonably necessary to assist such counsel;

    (b) Two (2) designated in-house representatives of the Parties and the Global Proceedings Parties to whom disclosure is reasonably necessary for the Proceedings and who (i) are directly responsible for making decisions relating to the Proceedings, (ii) are not involved in competitive decision making on behalf of the receiving Party or its affiliates, and (iii) have signed the Acknowledgement and Agreement to be Bound (Exhibit A), but the receiving Party or Global Proceedings Party shall not disclose such Protected Documents to the designated in-house legal

      counsel until after the receiving Party or Global Proceedings Party has provided seven (7) business days written notice to the designating Party of the identity and business title of the designated in-house representative;

(c)     Experts of the Parties and the Global Proceedings Parties to whom disclosure is reasonably necessary for the Proceedings and who have signed the Acknowledgment and Agreement to Be Bound (Exhibit A);

(d)     Professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the Proceedings and who have signed the Acknowledgment and Agreement to Be Bound (Exhibit A);

(e)     Court reporters and their staff;

(f)     The Court and its personnel, provided that the receiving Party files the Protected Documents under seal;

(g)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

17.     Prior to disclosing any Protected Documents to any person described in Paragraph 16(c) (referenced below as "Person"), the Party or Global Proceedings Party seeking to disclose such information shall provide the designating Party with written notice that includes a non-confidential up-to-date curriculum vitae of the Person and an executed copy of the "Acknowledgement and Agreement to Be Bound" (Exhibit A hereto).  To the extent that the designating Party is required to relay such notice to a Third Party with a material interest in the Protected Documents, the designating Party shall do so promptly, and shall promptly inform the Party or Global Proceeding Party seeking to disclose the information that it has done so.  Within ten (10) business days of the designating Party's receipt of the notice of

the Person, the designating Party or other Third Party to whom the designating Party has relayed notice in accordance with this provision may object in writing to the Person for good cause and identify with specificity the factual basis for such objection. In the absence of an objection to one or more Protected Document(s) at the end of the ten (10) business day period, the Person shall be deemed approved under this Protective Order with respect to such Protected Document(s). There shall be no disclosure of Protected Documents to the Person prior to expiration of this ten (10) business day period. If the Parties and/or Global Proceedings Parties are unable to resolve any objection, the objecting Party or Global Proceedings Party may file a motion with the Court within fifteen (15) business days of the notice, or within such other time as the Parties and/or Global Proceedings Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party or Global Proceedings Party shall have the burden of demonstrating that disclosure to the Person would expose the objecting Party or Global Proceedings Party to the risk of serious harm. No disclosure of any Protected Document to which an objection has been timely raised shall occur until that objection is resolved by agreement or an order of this Court.

18. Counsel of record for the Party or Global Proceeding Party receiving Protected Documents may create an index of the Protected Documents and furnish it to attorneys of record representing or having represented Parties involved in the Proceedings involving the claims alleged in the Global Proceedings. The index may only identify the document, date, author, and general subject matter of any Protected Document, but may not reveal the substance of any such document. Counsel for the Party or Global Proceeding Party receiving Protected

9

        Documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

19.    To the extent that any discovery is taken of persons who are not Parties to the 1782 Proceedings or Global Proceedings ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

20.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate "HIGHLY CONFIDENTIAL" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL" in accordance with this Order.

21.    In the event that a Party is required to produce a Third Party's confidential information in its possession, and the Party is subject to an agreement with the Third Party not to produce the Third Party's confidential information, then the Party shall:

    (a)    promptly notify in writing the requesting Party and the Third Party that some or all of the information requested is subject to a confidentiality agreement with a Third Party;

    (b)    promptly provide the Third Party with a copy of this Order, the relevant subpoena, and a reasonably specific description of the information requested; and

    (c)    make the information requested available for inspection by the Third Party.

      If the Third Party fails to object or seek a protective order from this court within ten (10) business days of receiving the notice and accompanying information, the receiving Party may produce the Third Party's confidential information responsive to the discovery request. If the Third Party timely seeks a protective order, the receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Third Party before a determination by the Court. Absent a court order to the contrary, the Third Party shall bear the burden and expense of seeking protection in this court of its Protected Documents.

22. If a Party or Global Proceeding Party is served with a subpoena or a court order issued in other litigation other than the Global Proceedings that compels disclosure of Protected Documents that Party or Global Proceeding Party must:

    (a)    promptly notify in writing the designating Party, such notification to include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Documents may be affected.

If the designating Party timely seeks a protective order, the Party or Global Proceeding Party served with the subpoena or court order shall not produce any information designated in the Proceedings as "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party or Global Proceeding Party has

obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in the Proceedings to disobey a lawful directive from another court.

23. To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony and trial testimony referring to the Protected Documents or information therein.

24. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "HIGHLY CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

25. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26. Any Party and/or Global Proceedings Party knowing or believing that any other Party or Global Proceedings Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party or Global Proceedings Party alleged to be in violation of or intending to violate this Order

shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27. Nothing in this Protective Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s). The recipient(s) shall gather and return all copies of such documents, information or other material to the designating Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the designating Party.

28. The Party or Global Proceeding Party receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information therein.

29. The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Order. After termination of the Proceedings, the provisions of this Order shall continue to be binding except with respect to those documents and information that become a matter of public record not involving a violation of this Order

or other obligation to maintain the confidentiality of such information. This Court retains and shall have continuing jurisdiction over the Parties, Global Proceedings Parties, and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of these Proceedings. All disputes concerning Protected Information produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Texas.

30. Not later than sixty (60) days after final disposition of the Proceedings by dismissal, judgment, or settlement, counsel for the Party or Global Proceeding Party receiving Protected Documents shall destroy or return the Protected Documents (and any copy) to the counsel for the Party disclosing or producing the Protected Documents, and certify in writing to outside counsel of the designating Party that such materials have been destroyed or returned. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing. The Party or Global Proceeding Party receiving the Protected Documents may retain their attorney work product and any archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, and correspondence which refer or relate to any Protected Documents. Any such archival copies that contain or constitute Protected Documents remain subject to this Protective Order. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

31. This Protective Order shall be binding upon the Parties and Global Proceedings Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal

representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

32. Nothing within this Order shall prejudice the right of any Party or Global Proceeding Party to object to the production of any information on any grounds, including the grounds that the information is protected as privileged or as attorney work product.

33. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to the Proceedings and, in the course thereof, relying upon any Protected Documents, provided that the contents of the information must not be disclosed.

34. This Order shall be without prejudice to the right of any Party or Global Proceeding Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Protected Documents. The existence of this Order must not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

35. Nothing within this Order shall be construed to prevent disclosure of Protected Documents if such disclosure is required by law or by order of the Court.

36. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future, including, without limitation to add additional Global Proceedings and/or additional Global Proceedings Parties.

37. Nothing in this Protective Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties or Global Proceedings Parties to assert any applicable discovery or trial privilege.

38. The Court anticipates and encourages the parties to file a motion to modify the terms hereof with respect to the sharing of Protected Documents with experts and consultants; shifting

the cost burden of production equitably; and other terms that may be reasonably required to protect a Party as provided in Federal Rule of Civil Procedure 26(b) or (c).

**IT IS SO ORDERED.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IN RE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | § § § § § § CASE NO.: _____ |

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of Texas on _____ in the case *In re Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceedings* (Case No. _____). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Texas for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

1

I hereby appoint _____ [print or type full name] of _____

_____ [print or type full address and telephone number] as my Texas agent for service of process in connection with this Action or any proceedings related to enforcement of this Protective Order.

Date:

Location where sworn and signed: _____

Printed name:


Signature:

2