IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IN RE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. §1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. 2:25-mc-0006-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is non-party Apple, Inc.'s Motion for a Supplemental Protective Order. **Dkt. No. 13**. For the reasons discussed below, the Motion is **GRANTED IN PART**.

By way of background, this is a miscellaneous action related to underlying litigations between Malikie Innovations, Ltd. and Xiaomi Corporation and its affiliates, which are taking place in the courts of Germany and India (the "Foreign Proceedings"). (Specifically, there are two proceedings in Munich I District Court in the Federal Republic of Germany and a proceeding before the High Court of Delhi in the Republic of India). In these litigations, Malikie is asserting standard essential patents which it acquired from BlackBerry. Prior to their acquisition by Malikie, BlackBerry had entered into certain licensing agreements related to these patents with Apple (the "A-B Agreements"). *Id.* at 1.

On July 23, 2025, Petitioners Key Patent Innovations, Ltd. and Malkie Innovations, Ltd. filed an *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782, requesting that they be allowed to take discovery from BlackBerry Corp. for use in the Foreign Proceedings. Dkt. No. 1. The Court later granted the application, directing Respondent BlackBerry Corp. to produce (as is relevant here) the A-B Agreements. Dkt. No. 2; *see also* Dkt. No. 13. Later, on September 5, 2025, Apple filed the instant Motion seeking to prevent production of confidential information it claims

is found within the A-B Agreements, or in the alternative, that the Court enter a supplemental protective order ("SPO") which limits production of the confidential information to outside attorneys' eyes only, and limits its use to only the specified Foreign Proceedings in Germany and India. *See generally* Dkt. No. 13. Apple also seeks to have parties receiving the A-B Agreements agree to submit to the jurisdiction of the Court. *See id.* at 2.

In an effort to reach a compromise, Malikie has agreed to an SPO which limits the A-B Agreements for use in only the specified Foreign Proceedings. *See* Dkt. No. 20-11 (Malikie's proposed supplemental protective order at ¶ 14). However, Malikie has not agreed to limit production to outside attorneys' eyes only. *See generally* Dkt. No. 20. Malikie's chief argument against this is that the confidentiality provisions in the A-B Agreements permit disclosure under certain circumstances, which it contends are met here. *See id.* at 10.

As a preliminary matter, the Court finds that the A-B Agreements at issue are relevant. Specifically, because the patents asserted against Xiaomi are standard essential patents, Malikie has an obligation to offer licenses on fair, reasonable, and non-discriminatory ("FRAND") terms. The A-B Agreements constitute an example of licensure which the parties in the Foreign Proceedings intend to point to in order to show FRAND compliance (on plaintiff's part), or a lack thereof (vis-à-vis counterclaims by defendants). And this finding is in accordance with prior pronouncements from this District. *See generally In re Ord. Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proc.*, Case No. 4:23-MC-96, 2025 WL 714374 (E.D. Tex. Mar. 5, 2025). Thus, the Court rejects Apple's request to preclude production of the A-B Agreements outright given their relevance.

The Court further finds that, while an SPO is merited here, it is improper to limit production to only outside attorneys. Apple speaks generally about the necessity of this due to the sensitive

nature of the confidential information found in the A-B Agreements, but the Court is not persuaded that such further protection is required. The main thrust of their argument is that Apple and BlackBerry "heavily negotiated" the terms of the agreements which included "rigorous confidentiality provisions." Dkt. No. 13 at 1. These provisions require that:

> The terms of [the agreements] and all correspondence and information shared hereunder or relating to the [agreements] are strictly confidential. The Parties and Teletry[1] shall keep terms and particulars of the [agreements] strictly confidential between themselves and Teletry (and their respective Representatives) and neither Party nor Teletry shall now or hereafter disclose such terms and particulars to any Third Party . . . .

Dkt. No. 13-1 at ¶ 8.1; *see also id.* at ¶ 9.1. Problematically, however, is that there are circumstances in which the above does not apply, just as Malikie contends. Slightly further down in the confidentiality provision, the contract makes clear that the above applies "*except*: . . . as may be required by applicable law, regulation or order of a governmental authority of competent jurisdiction . . . ." *Id.* (emphasis added). And this is precisely the situation at play here.

Neither Malikie nor Apple dispute that under both German and Indian law, the parties to a dispute—including, for example, in-house counsel—have a right to inspect documents. *See* Dkt. No. 13-2 at ¶¶ 11-13 (Apple's proffered Declaration of Klaus Haft, summarizing the relevant German law which holds that "access is to be granted to at least one natural person of each party and their counsels or representatives."); *see also* Dkt. No. 13-4 (Apple's proffered declaration of Prashant David Phillips, saying substantially the same for India); Dkt. No. 20 at 8-9. While parties can waive this right and voluntarily agree to outside attorneys' eyes only agreements, here Xiaomi has refused to do so (Dkt. No. 20 at 8).

Summarizing then, the parties to the underlying Foreign Proceedings—Malikie and Xiaomi—have not both agreed to waive their access to the A-B Agreements and limit them to

---

[1] Teletry was BlackBerry's licensing entity for the patents at issue.

3

outside attorneys' eyes only. In the absence of such waiver, the default law of Germany and India applies, which gives the parties the right to access the agreements. Thus, the "applicable law" exception to the confidentiality provisions applies, and the A-B Agreements can be disclosed to parties other than BlackBerry, Apple, and Teletry. As is relevant to the instant dispute, this includes in-house counsel subject to certain conditions.

For all of the reasons discussed above, the Court **GRANTS** Apple's Motion insofar as the Court issues a Supplemental Protective Order which, *inter alia*, (1) does not limit production to outside attorneys' eyes only; (2) requires all persons accessing the A-B Agreements to submit to the jurisdiction of this Court. *See generally* Supplemental Protective Order Governing Apple Information.

**SIGNED this 12th day of October, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

4